160 N.J. Super. 223 (1978)
389 A.2d 505
CENTRAL TOWERS COMPANY T/A NORTHBRIDGE PARK, A PARTNERSHIP; LE CROSS ASSOCIATES, A PARTNERSHIP; AND ALL PERSONS SIMILARLY SITUATED IN THE BOROUGH OF FORT LEE, PLAINTIFFS,
v.
BOROUGH OF FORT LEE AND RENT LEVELING BOARD OF THE BOROUGH OF FORT LEE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 23, 1978.
*224 Mr. Jay W. Greenstone for plaintiff (Messrs. Greenstone and Sokol, attorneys).
Mr. Paul Kaufman for defendants (Messrs. Kaufman and Rosen, attorneys).
CASSIDY, J.J.D.R.C. (temporarily assigned).
This matter involves the novel issue of the statutory interpretation for the proper distribution of an unbudgeted school aid rebate, as between landlord-owners and their tenants in connection with real properties subject to a local rent leveling board.
A second issue is whether strict statutory interpretation is mandatory where it results in a refund to tenants, but leaves the landlord with a deficit due to the rent leveling board's limited rental increase insufficient to cover the local annual tax expansion.
Plaintiff Central Towers Company owns and operates an apartment building located in the Borough of Fort Lee. Plaintiff Le Cross Associates is a ground-lessee of a similar apartment complex in the Borough of Fort Lee.
During the year of 1976 there was an unbudgeted school aid rebate totaling $9,691.93 which resulted in a tax decrease of the same amount.
*225 As per the statutory formula, defendant contends that a portion of the unbudgeted school aid refund, $6,299.75, should be rebated to the tenants occupying plaintiffs' apartments.
Plaintiffs contend that their subject properties experienced a net property increase between the years 1976 and 1977. Their position is that if the unbudgeted school aid refund be retained for the property in question, and applied against the property tax increase, each building still suffers a net property tax increase for the year 1977.
This occurred because the local rent control ordinance restricts a landlord from passing on to his tenants all of the increases in property taxes on his apartments. Because of this local rent control ordinance, the landlord can only recoup a portion of the increased property taxes from the tenants through rent increases.
Plaintiffs' position is that it would be inequitable and unfair for them to pass on the unbudgeted school aid refund to the tenants through a tenant tax rebate while still suffering a net property tax increase to be borne paid by the property owner.
N.J.S.A. 54:4-6.3, as amended by section 1 of L. 1977, c. 81, provides that the property owned and operated by plaintiff Central Towers Company is subject to the Tenants' Property Tax Rebate Act.
a. "Qualified real rental property" means any real property containing a mobile home park or two or more spaces which are rented or leased or offered for rent or lease for occupancy by mobile homes, or any building or structure of complex of buildings or structures in which housing units are rented or leased or offered for rental or lease for residential purposes except hotels, motels or other guest houses serving transient or seasonal guests, ... and owner-occupied structures of three units or less.
Since the property comes under the Tenants' Property Tax Rebate Act, it is also controlled by the provisions dealing with rebates or refunds of school property taxes of the same statute, specifically section (b).
*226 b. "Property tax reduction" means 0.65 times the difference between the amount of property tax paid or payable in any year on any qualified real rental property, exclusive of improvements not included in the assessment on the real property for the base year, and the amount of property tax paid in the base year, but such calculations for the property tax reduction shall exclude reductions resulting from judgments entered by county boards of taxation, the Division of Tax Appeals in the Department of the Treasury, or by courts of competent jurisdiction. "Property tax reduction" shall also include 0.65 times any rebate or refund of school property taxes which may be provided pursuant to P.L. 1976, c. 113. "Property tax reduction" shall not include any amount in excess of that which is identified herein. Any such amount shall be retained by the property owner.
This section specifically creates the formula for computing a rebate or refund of school property taxes. The section defines "Property tax reduction" to include a rebate or refund of school property taxes and does not provide for a net tax increase or decrease as contended by the plaintiffs.
Plaintiffs contend this section applied in conjunction with the local rent control regulations is unfair in that even should the unbudgeted school aid returned for each building be netted against the property tax increase, each building still suffers a net property tax increase, requiring the landlord to make up the deficit. The local rent control ordinance limiting rent increases are part of the necessary and valid powers conferred on municipalities under N.J.S.A. 40: 69A-30 and N.J.S.A. 40:48-2. See Inganamort v. Fort Lee, 62 N.J. 521 (1973).
The court holds that N.J.S.A. 54:4-6.4, as amended by section 2 of L. 1977, c. 81, clearly mandates that an owner shall provide a property tax rebate to the tenants as provided for in the Tenants' Property Tax Rebate Act. It is therefore the decision of the court that the unbudgeted school aid rebate must be passed on to the tenants as per the formula set out in N.J.S.A. 54:4-6.3, as amended by section 1(b) of L. 1977, c. 81.
*227 Since plaintiff Le Cross Associates is only a lessee and operator of an apartment complex in the borough of which the real owner is City Partners LAC, it does not have standing in this suit.